# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00914-COA

**PAUL HASLEY**                                                    **APPELLANT**

**v.**

**KAREN HASLEY**                                                    **APPELLEE**

DATE OF JUDGMENT:                 08/15/2023
TRIAL JUDGE:                      HON. MARK ANTHONY MAPLES
COURT FROM WHICH APPEALED:        JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:           MICHAEL B. HOLLEMAN
ATTORNEY FOR APPELLEE:            G. CHARLES BORDIS IV
NATURE OF THE CASE:               CIVIL - DOMESTIC RELATIONS
DISPOSITION:                      REVERSED AND REMANDED - 06/11/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE, AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     In a separate appeal, Paul Hasley challenged the Jackson County Chancery Court's finding that temporary orders of separate maintenance to Paul's wife Karen Hasley had been converted to a final order of support. *Hasley v. Hasley* (*Hasley I*), No. 2022-CA-0908-COA, 2024 WL 2146078 (Miss. Ct. App. May 14, 2024). While *Hasley I* was pending on appeal, Paul filed an emergency motion seeking to suspend or modify the separate maintenance. The chancellor entered an order denying relief after finding that the court lacked jurisdiction to rule on Paul's motion while *Hasley I* was pending. Paul now appeals, arguing that the chancellor erred in ruling that the court lacked jurisdiction to modify the separate maintenance award while *Hasley I* was pending on appeal.

¶2.     On May 14, 2024, this Court issued its opinion in *Hasley I*. Because our ruling in

*Hasley I* encompasses the issues of the chancellor's awarding separate maintenance and support and because the present appeal seeks emergency modification of that ruling based on a substantial and material change in circumstances, we reverse the chancellor's order finding a lack of jurisdiction and remand these issues to the chancellor for appropriate consideration along with the determination of the issues remanded in *Hasley I*.

**FACTS**

¶3. We incorporate by reference the facts as set forth in our opinion in *Hasley I*, 2024 WL 2146078, at *1-3 (¶¶3-12). Nevertheless, we provide a brief synopsis of the facts relevant to the chancellor's award of separate maintenance.

¶4. Paul and Karen married in April 1991, and they separated in November 2015. Relevant to this appeal, Karen filed a complaint for separate maintenance and temporary relief. In May 2016, the chancellor entered a temporary order directing Paul to pay Karen $700 a week in temporary separate maintenance. In August 2016, the chancellor entered an amended temporary order reducing the amount of Paul's temporary support obligation to Karen from $700 to $600 per week.

¶5. In September 2017, the Jackson County Chancery Court Clerk issued the parties a notice of dismissal for lack of prosecution under Mississippi Rule of Civil Procedure 41(d). In response, Karen filed a motion to remand the matter to the chancellor's docket. The chancellor entered an order granting Karen's motion and directing the chancery clerk to reassign the matter to the docket. Almost a year later, on September 6, 2018, Karen filed a complaint for contempt against Paul, asserting that he had failed to pay his weekly temporary

separate maintenance and was in arrears for $2,869.50. Paul moved for leave to file an amended answer to Karen's complaint to include a counterclaim for divorce. The chancellor held a hearing on the matter and found, in part, that Paul was in arrears on his temporary separate-maintenance payments to Karen. The chancellor ordered Paul to pay Karen $600 each week in temporary separate maintenance with an additional $100 each week toward the arrearage.

¶6. Litigation continued. Finally, on August 4, 2022, the chancellor entered a final judgment finding that the temporary maintenance awarded to Karen had "acquired incidents of permanency which preclude[d] dismissal of the case." The chancellor accordingly held that the prior temporary orders awarding separate maintenance to Karen had been converted to a final order of support.

¶7. Paul appealed from the August 4, 2022 final judgment (*Hasley I*). While *Hasley I* was pending on appeal, Paul filed an emergency motion to suspend or modify the award of separate maintenance due to serious heart health issues impacting his ability to support himself or others. The chancellor conducted a telephonic hearing and requested briefing on the issue of whether the chancery court had jurisdiction to modify the judgment while it was pending on appeal.

¶8. On August 15, 2023, the chancellor entered an order finding that the court lacked jurisdiction to rule on the modification request while *Hasley I* was pending on appeal. Paul appeals from the chancellor's August 15, 2023 order.

**DISCUSSION**

3

¶9.    In *Hasley I*, this Court held, in part, that the chancellor erred by converting the temporary orders of spousal support to a final order for separate maintenance and setting the amount of spousal support. *Hasley I*, 2024 WL 2146078, at *6 (¶25). This Court accordingly reversed part of the chancellor's August 4, 2022 final judgment and remanded the matter to the chancery court's active docket for further proceedings consistent with that opinion. *Id.*

¶10.    Paul's sole issue in the present appeal is whether the chancellor had jurisdiction to modify the separate maintenance award due to a substantial and material change in circumstances while *Hasley I* was pending on appeal. Because our ruling in *Hasley I* encompasses the issues of awarding separate maintenance and the amount and because this matter seeks modification of that award, we reverse the chancellor's August 15, 2023 order and remand this matter to the chancellor for consideration along with the issues remanded in *Hasley I*.

¶11.    **REVERSED AND REMANDED.**

    **CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**